UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHRISTOPHER DILWORTH                                                                                                          PLAINTIFF

vs.                                               Civil No. 1:24-CV-58-GHD-DAS

LANDON TUCKER                                                      DEFENDANT

## OPINION

Presently before the Court is Defendant Landon Tucker's ("Defendant") Motion for Summary Judgment [Doc. No. 32] seeking to dismiss Plaintiff Christopher Dilworth's ("Plaintiff") claims of false arrest and excessive force. Upon due consideration, the Court finds Defendant's Motion [32] should be granted for the reasons set forth in this opinion.

### *I.* *Background*

On April 8, 2021, Plaintiff was at his property in Corinth, Mississippi, when an individual contacted the Corinth Police and reported his activities as "suspicious" [2; 33].[1] The parties do not dispute Plaintiff was the true owner of the property at the time of his arrest [32-4]. Plaintiff acquired this property from James Frawley who was incarcerated at the time of the conveyance [33]. While incarcerated, however, Mr. Frawley "instructed the police 'to remove anybody that is at [the] house'" [33 (edits in original)]. A neighbor supported this statement at the scene of the incident [32-17]. Defendant argues "he was well aware . . . the house was a 'problem area,' as police had been dispatched to the address eight times in the month prior" to make arrests and deal with trespassers [33].

---

[1] As the Fifth Circuit instructs, this Court must "assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene" in which the dispute occurred. *Bailey v. Ramos*, 125 F.4th 667, 675 (5th Cir. 2025). The Court does so here, utilizing a video Plaintiff recorded at the time of his arrest [32-17].

Shortly after receiving the dispatch call, Defendant arrived at the property where he approached Plaintiff [32-17]. A short conversation ensued between them in which Plaintiff failed to state he was the true owner of the property or show the officer any documentation of ownership, and Defendant never stated why he was questioning Plaintiff [32-17]. Throughout the altercation, Defendant stated Plaintiff was not the actual owner of the property, but Plaintiff did not correct Defendant at that time [32-17]. Plaintiff attempted to enter the house after Defendant made repeated commands for him "to come here" [32-17]. When Plaintiff continued toward the house's entrance, Defendant stepped in front of him to stop access [32-17]. Defendant then attempted to pull Plaintiff to the ground, was unsuccessful, and was either shoved or fell into a shrub next to the house's entrance [32-17]. Defendant then told Plaintiff to get on the ground repeatedly [32-17]. When Plaintiff failed to do so, Defendant tazed and arrested him [32-17]. After he was handcuffed, Plaintiff announced to the officer he was the actual owner of the property [32-17]. Plaintiff was ultimately charged with trespassing, disorderly conduct, and resisting arrest [33]. However, the trespass charge was voluntarily dismissed after Defendant discovered Plaintiff did, in fact, own the property while the other two charges were "retired to the file contingent upon the condition that Plaintiff was not charged with a crime 'for a period of two (2) years'" [33]. This litigation followed.

## *II.   Standard of Review*

This Court grants summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary

judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). When the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal citations omitted). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

### *III. Analysis and Discussion*

Plaintiff has sued Defendant in both his individual and official capacities. The Court first discusses the individual capacity claims. In his defense, Defendant invokes qualified immunity [33] which "is an immunity from suit rather than a mere defense to liability." *Cleveland v. Bell*, 938 F.3d 672, 675 (5th Cir. 2019) (citing *Pearson v. Callahan*, 555 U.S. 223, 237 (2009)) (internal quotation marks omitted). "Once a defendant asserts qualified immunity, the plaintiff

3

bears the burden of negating it by showing that (1) the official violated a statutory or constitutional right and (2) the right was 'clearly established at the time of challenged conduct.'" *Bailey v. Ramos*, 125 F.4th 667, 674 (5th Cir. 2025) (citing *Perniciaro v. Lea*, 901 F.3d 241, 255 (5th Cir. 2018)) (other citations omitted). The Court must determine whether Plaintiff's constitutional rights were violated. Plaintiff sues under theories of false arrest and excessive force. The Court conducts the appropriate analysis for each below.

## A. False Arrest

The Court begins with the false arrest claim. Under the Fourth Amendment,[2] "[a] warrantless arrest must be based on probable cause." *Bailey*, 125 F.4th at 675 (citing *Resendiz v. Miller*, 203 F.3d 902, 903 (5th Cir. 2000)) (internal quotation marks omitted) (other citations omitted). The record reflects Defendant had no warrant at the time of Plaintiff's arrest; therefore, probable cause was necessary. "Probable cause exists when the totality of facts and circumstances within a police officer's knowledge *at the moment of arrest* are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Id.* (emphasis added) (internal quotation marks omitted).

When determining whether probable cause exists, Courts look to "the totality of the circumstances and decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer demonstrated a probability or substantial chance of criminal activity." *Id.* (citing *Reitz v. Woods*, 85 F.4th 780, 790 (5th Cir. 2023)) (internal quotation marks omitted) (other citations omitted). "If there was probable cause for *any* of the charges made . . . then the arrest was supported by probable cause, and the claim for false arrest fails." *Id.* (citing

---

[2] The United States Supreme Court fully incorporated the Fourth Amendment in *Mapp v. Ohio*, 367 U.S. 643 (1961) and *Aguilar v. Texas*, 378 U.S. 784 (1969).

4

*Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995)) (internal quotation marks omitted) (emphasis added).

It is clear Defendant had the requisite probable cause to arrest Plaintiff at the time of the incident. Defendant's Motion for Summary Judgment [33] shows Plaintiff's property "was a 'problem area'" with recent "numerous incidents of trespass and suspicious activity" including arrests [33]. What is more, Defendant was still under the impression Mr. Frawley owned the property, not Plaintiff, who had only received ownership nine days prior to his arrest [33]. Based on the briefing, it does not appear Plaintiff challenges Defendant's knowledge because Plaintiff admits Defendant repeatedly stated Plaintiff did not own the property at the time of the arrest [39]. Mr. Frawley had also notified the police no one was to be on the property before going into custody which further strengthens Defendant's probable cause [33].

Based on these facts, it is clear Defendant at least had probable cause to arrest Plaintiff for trespassing because any "objectively reasonable police officer" would have assumed Defendant was trespassing. *Bailey*, 125 F.4th at 675 (internal quotation marks omitted). Because there was probable cause for at least one of the charges brought against Plaintiff, "the arrest was supported by probable cause, and the claim for false arrest fails." *Id.* (internal quotation marks omitted). Therefore, no genuine factual dispute exists concerning this claim, and it should be dismissed.

### B. Excessive Force

Turning now to the excessive force claim, "[a]n officer's use of force is excessive under the Fourth Amendment if the plaintiff can show: '(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.'" *Bailey*, 125 F.4th at 680 (citing *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir.

5

2009) (per curiam) (quoting *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005))). Elements two and three "collapse into a single objective-reasonableness inquiry" requiring the consideration of the three *Graham*[3] factors: "(1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (citing *Pena v. City of Rio Grande City*, 879 F.3d 613, 619 (5th Cir. 2018); *Deville*, 567 F.3d at 167) (other citations omitted) (internal quotation marks omitted). The reasonableness of the force used "must be judged from the perspective of a reasonable officer on the scene." *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 369 (1989)) (internal quotation marks omitted). What is more, "the Fourth Amendment allows for some mistakes on the part of the government officials, giving them fair leeway for enforcing the law in the community's protection." *Id.* (quoting *Helen v. North Carolina*, 574 U.S. 54, 60-61 (2014) (quoting *Brinegar v. United States*, 338 U.S. 160, 176 (1949))) (internal quotation marks omitted).

The Fifth Circuit has created a low bar for the injury element: "[a]s long as a plaintiff has suffered some injury, even relatively insignificant injuries and purely psychological injuries will prove cognizable when resulting from an officer's unreasonably excessive force." *Id.* (quoting *Alexander v. City of Round Rock*, 854 F.3d 298, 309 (5th Cir. 2017)) (internal quotation marks omitted). Although Plaintiff states what happened—*i.e.*, he was shoved and then tazed—he does not discuss any injuries with particularity resulting from those actions. He makes minimal mention of any physical ailments or emotional distress resulting from his skirmish with Defendant that could satisfy the first element of his excessive force claim. *Bailey*, 125 F.4th at 680. Plaintiff merely states in his Complaint [2], "As a result of Defendant's actions, Plaintiff was injured and harmed," and in his deposition he stated he was treated for PTSD without further

---

[3] *Graham v. Connor*, 490 U.S. 386 (1989).

elaboration [32-1]. Although the injury element's support is scant at best, this Court conducts the rest of the analysis in an abundance of caution.

Turning to the *Graham* factors, it is clear no genuine fact is at issue regarding the reasonableness of Defendant's actions toward Plaintiff. First, Plaintiff was arrested for trespassing, disorderly conduct, and resisting arrest, none of which are severe in nature. Second, viewed from the "perspective of a reasonable officer on the scene," Plaintiff likely posed an immediate threat to the officers during the skirmish with Defendant. *Bailey*, 125 F.4th at 680. Plaintiff stands at six feet, two inches and weighs approximately 270 pounds [32-1, pp. 7-8]. The video evidence clearly shows Defendant was in a vulnerable position, "outmanned" as it were, considering the size difference between the two parties.[4] Third, Plaintiff was resisting arrest as is clearly shown in the arrest video [32-17]. Defendant instructed Plaintiff to "get on the ground," but he refused and continued toward the house door [*Id.*]. This led Defendant to taze Plaintiff to gain compliance [*Id.*]. Considering the totality of the circumstances surrounding the arrest from the perspective of a reasonable officer on the scene but also in the light most favorable to Plaintiff, it is clear to this Court the force Defendant used to arrest Plaintiff was reasonable. No genuine dispute of material fact exists concerning this claim; therefore, it should be dismissed.

### C. Municipal Liability

The Court finally addresses Plaintiff's official capacity claims against Defendant. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Estate of Jones v. Grenada Cnty.*, No. 4:20-CV-194-DMB-JMV, 2021 WL 4268277, *4 (N.D. Miss. Sept. 20, 2021) (quoting *Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 624 (5th Cir. 2017)) (internal quotation marks omitted) (edits in original). The appropriate entity in this case is the City of Corinth due to Defendant's employment at the

---

[4] The video discussed here is Doc. No. 32-17.

7

Corinth Police Department. Claims against municipalities, also known as *Monell* claims,[5] allow defendants to hold municipalities responsible in section 1983 actions. To do so, a plaintiff must show "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Martinez v. City of Rosenberg*, 123 F.4th 285, 289 (5th Cir. 2024) (citing *Doe v. Burleson Cnty, Tex.*, 86 F.4th 172, 176 (5th Cir. 2023)) (internal quotation marks omitted). Plaintiff has failed to show *any* constitutional violation; therefore, no genuine dispute of material fact exists concerning the official capacity claims against Defendant. See *Wade v. City of Houston*, 110 F.4th 797, 799-800 (5th Cir. 2024) (citing *Hicks-Fields v. Harris Cnty.*, 860 F.3d 803, 808 (5th Cir. 2017)) (other citations omitted). They must be dismissed.

### *IV. Conclusion*

For the foregoing reasons, the Court finds Defendant Landon Tucker's Motion for Summary Judgment [32] should be granted and all claims against him dismissed.

An order in accordance with this opinion shall issue this day.

THIS the __14th__ day of July, 2025.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE

---

[5] *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658 (1978).